CULPEPPER, Judge.
This is a workmen’s compensation suit. The plaintiff employee appeals from the lower court’s rejection of his demands for benefits for total and permanent disability.
The sole issue on appeal is whether plaintiff was disabled beyond the period of about one month for which defendant made compensation payments.
The facts show that on August 17, 1962, while plaintiff was employed in a cotton gin, he was struck on the left side of his face by the press door of the gin, knocking him unconscious. He was taken immediately to Dr. G. A. Sylvester, a general practitioner, who diagnosed a brain concussion, a laceration of the chin and subscleral hemorrhage of the left eye. X-rays revealed no fracture or dislocation of bone. Treatment consisted of suturing the laceration and keeping the plaintiff under observation for possible brain injury or internal bleeding. Plaintiff was released from the hospital after four days and then remained under Dr. Sylvester’s observation until September 7, 1962 on which date he was discharged as being fully recovered from the injury and able to return to work. On the basis of this report compensation payments were stopped.
Following his discharge by Dr. Sylvester, plaintiff went to Dr. R. E. Dupree in Ville Platte complaining that he could not work because of continued headaches and dizziness. Finding no objective basis for these complaints, Dr. Dupree referred plaintiff to-Dr. Richard W. Levy, of New Orleans, a specialist in neurosurgery. Dr. Levy examined plaintiff on February 20, 1963. He testified that from a neurological standpoint he could find no disability attributable to the accident. Dr. Levy did testify that plaintiff’s headaches and dizziness could be attributable to hypertension from which the history showed plaintiff had suffered both before and after the accident.
This history of hypertension before the accident is substantiated both by the testimony of Dr. Sylvester, who had examined and treated the plaintiff for high blood pressure back in June of 1961, and by several lay witnesses, including plaintiff’s own. relatives and employer, who testified that plaintiff had spells of dizziness and headaches on attempting to work even before the accident.
The record amply supports the conclusion of the trial judge stated in his well considered written opinion as follows:
“The court considering all of the evidence presented and particularly the demeanor of the plaintiff himself, a heavy-set young Negro, on the witness stand, is of the opinion that, while the plaintiff suffered an accident on the 17th day of August, 1962, any disability attributable to this accident had disappeared by September 7, 1962, when Dr. Sylvester discharged him. The court is further of the opinion that the plaintiff is suffering from hypertension *317 but this hypertension, as testified to by the doctors, existed prior to this accident and is not attributable to the injury suffered on August 17, 1962.”
For the reasons assigned the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.